JEANNE DE MAURET, Plaintiff and Appellant, *v.* ESTEBAN GARCÍA CABRERA, Defendant and Appellee.

No. 7354. Argued November 2, 1936.—Decided December 9, 1936.

*Henry G. Molina* and *S. de la Fuente* for appellant. *R. Castro Fernández* and *José López Baralt* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

On May 20, 1936, plaintiff appealed from a judgment

entered against her in the instant case, dismissing the complaint. On the following day the appellant asked that an order be entered directing "the stenographer-reporter who officiated at the trial, Mr. Eduardo Ugarte," to prepare a transcript of the testimony offered and received, of the evidence offered and admitted, and of all the orders, acts or statements of the court, as well as of all the objections and exceptions of counsel and questions upon matters related to the case. The court granted the petition and ordered the stenographer Eduardo Ugarte to prepare the transcript asked for.

The defendant has asked that the appeal be dismissed upon the ground that, *inter alia*, (*a*) more than the legal term to file the transcript in the court below has elapsed and that the appellant has not as yet complied with this requirement, and (*b*) two stenographers were used at the hearing of the case, Eduardo Ugarte and Juan Comas Vera, and the appellant asked the court to order only the stenographer Eduardo Ugarte to prepare the transcript of the evidence, without making any reference to the other stenographer Juan Comas Vera, who at no time has been directed by the court to prepare the transcript of the evidence taken by him at the trial.

██ The appellant believes that the motion to dismiss should be denied, but asks that she be granted a new term within which to file the transcript of the evidence in the court below, in the event that this court should conclude that the term granted by the court to file such transcript has already expired. This court has always exercised its discretionary powers, granting new terms in the furtherance of justice. when the appellant has displayed proper diligence in perfecting an appeal. The record in this case shows not only that the stenographer Eduardo Ugarte participated at the hearing, but that the stenographer Juan Comas Vera also did so, and that the latter took the testimony on rebuttal of Luis Castro Feliú, José Morales, Maximino Marcano, Hernán Franco, Flor Torres, Juan Maldonado, Ramón Ramos, José

Solís Serrano, Máximo de Mauret, Simone de Mauret de Babcock, Santiago de la Fuente and Juan José Fuertes.

The appellant was fully aware that such stenographers had taken part in the hearing of this case, and in her motion addressed to the court for preparation of the transcript of the evidence asks that the stenographer-reporter who acted at the trial, Eduardo Ugarte, be ordered to prepare the transcript, without making mention of the stenographer Juan Comas Vera. In the extensions which the appellant asked for preparation of the transcript of the evidence, she insists in asking that the order granting the same be addressed to the stenographer Ugarte, without mentioning the stenographer Comas. On no occasion has the plaintiff asked for any order directed to the latter stenographer, in spite of the fact that more than five months has already elapsed since she took her appeal. To justify her lack of diligence, plaintiff argues that the principal stenographer is Mr. Eduardo Ugarte and that the participation of the stenographer-reporter Juan Comas was purely incidental. The law does not establish distinctions between permanent and incidental stenographers. The fact is that Juan Comas Vera took down the testimony of twelve witnesses and that the transcript of the evidence would be incomplete if all the evidence introduced is not made to form part of it. The latter stenographer cannot be blamed for not having taken any steps toward the preparation of the transcript, since he has not been required to do so, nor has he received any order of the court directing him to transcribe the testimony of the witnesses who testified while he was acting as stenographer.

In *Salichs* v. *Board of Examiners,* 39 P.R R. 224, an appeal was dismissed because the original period of twenty days for the preparation of the stenographic transcript had elapsed without prior notice having been given to the stenographer and without a proper extension for such notice having been secured.

The instant case is much stronger because here no failure to notify is involved, but the complete absence of an order, which, so far as the stenographer Comas is concerned, was neither asked for nor issued, and which consequently could not have been notified to such stenographer.

The appeal must be dismissed.

Mr. Chief Justice Del Toro took no part in the decision of this case.